UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| LINDA SCIONEAUX, INDIVIDUALLY, AND ON BEHALF OF THE DECEDENT, ANTOINE SCIONEAUX | CIVIL ACTION |
| VERSUS | NO: 10-0133 |
| ELEVATING BOATS, L.L.C., ABC CHEMICAL CO., AND XYZ CHEMICAL CO. | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by the defendant, Elevating Boats, L.L.C. (Doc. #9), is **DENIED**.

## BACKGROUND

This matter comes before the court on a motion for summary judgment filed by the defendant, Elevating Boats, L.L.C. ("EBI"). EBI argues that there is no genuine issue of material fact that the decedent, Antonie Scioneaux ("Antonie Scioneaux") was not exposed to benzene on one of the EBI's vessels.

Scioneaux was an employee of EBI for approximately fifteen years prior to his death from acute myelogenous leukemia ("AML") in 2009. While employed with EBI, Scioneaux worked in

the shop, in the yard, and on numerous vessels owned by EBI. Throughout his employment, Scioneaux was allegedly required to use numerous heavy, toxic chemicals to perform certain tasks. Scioneaux also allegedly had to use chemicals supplied by EBI owned vessels to perform certain tasks during his time at EBI. On June 24, 1999, Scioneaux submitted an injury report stating that he came into contact with a high detergent soap that caused a serious chemical burn on his leg and ankle. Prior to his death, Scioneaux told his wife and his physician that he believed that he had contact with numerous benzene containing chemicals while cleaning EBI's vessels. Scioneaux was diagnosed with AML on January 19, 2009, and he died on April 30, 2009.

Plaintiff, Scioneux's widow, filed this action alleging that Scioneaux's developed and died from AML as a result of being exposed to benzene while working at EDI. Plaintiff alleges that Scioneaux was a longshoreman, and brings claims under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq.

## ANALYSIS

1. **Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Defendant's Motion for Summary Judgment**

Scioneaux was a longshoreman, and plaintiff alleges claims against EBI as a vessel owner. Section 905(b) of the LHWCA grants longshoremen an exclusive remedy against a "vessel" for injuries caused by the negligence of the "vessel." See 33 U.S.C. § 905(b); see also McLaurin v. Noble Drilling (US) Inc., 529 F.3d 285, 289 (5th Cir. 2008).

In Scindia Steam Navigation Co. v. DeLosSantos, 101 S.Ct. 1614 (1981) the Supreme Court of the United States defined the vessel's duty to longshoremen. The United States Court of Appeals for the Fifth Circuit has extended the rationale of Scindia to any independent contractor. See Casaceli v. Martech Int'l, Inc., 774 F.2d 1322, 1326-27 (5th Cir. 1985). Scindia provides as follows:

> The vessel owner must provide work space, ship's gear, equipment, and tools in a condition that allows an [independent contractor], acting with reasonable care, to carry on his operations with reasonable safety. The owner must warn the [independent contractor] of any hidden dangers which the owner knows or should know about in the exercise of reasonable care. The owner need not supervise, inspect, or monitor the . . . operations for dangerous conditions that develop during that process unless required to do so by contract, positive law, or custom. He may generally rely on the [independent contractor's] exercise of reasonable care. An exception to this lack of supervisory duty exists if the shipowner becomes aware of a dangerous condition in the ship's gear during the . . . operation, and is also aware that the [contractor] is unreasonably failing to protect [the employee] against this danger. The shipowner then has a duty to intervene and repair the gear constituting the danger.

Id. at 1326 (citing Scindia Steam Navigation Co. v. DeLosSantos, 101 S.Ct. at 1621-26). These duties are known as the "turnover duty," the "active control of the vessel," and the "duty to intervene." Howlett v. Birksdale Shipping Co., S.A., 114 S.Ct. 2057, 2065 (1994). Plaintiff alleges that EBI had control of the vessels upon which Scioneaux was allegedly injured. Therefore the "active control of the vessel" duty is applicable.

Pursuant to the duty of active control of the vessel, it is "accepted that the vessel may be liable if it actively involves itself in the cargo operations and negligently injures a [maritime worker] or if it fails to exercise due care to avoid exposing [maritime workers] to harm from hazards they may encounter in areas, or from equipment, under the active control of the vessel during the stevedoring operation." Scindia, 451 U.S. at 167; see also Manuel v. Cameron Offshore Boats, Inc., 103 F.3d 31, 34-35 (5th Cir.1997); Pimental v. LTD Canadian Pacific Bul, 965 F.2d 13, 16-17 (5th Cir.1992).

EBI contends that there is no evidence that Scioneaux was exposed to benzene on a vessel owned by EBI, or that benzene exposure caused his death. Plaintiff points out that Scioneaux died from AML three months after he was diagnosed with the disease. Thus, the majority of the information significant to this lawsuit could not be formally obtained from Scioneaux prior to his death. Plaintiff has sent discovery requests to EBI seeking information regarding the specific types of chemicals with which Scioneaux worked, Scioneaux job duties, the safety equipment provided to Scioneaux, and training Scioneaux received. EBI holds the relevant information, and EBI's responses to plaintiff's discovery requests are imperative to her ability to pursue her case. Therefore, summary judgment is premature without further discovery.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by the defendant, Elevating Boats L.L.C. (Doc. #9), is **DENIED**.

New Orleans, Louisiana, this  25th  day of June, 2010.

                                          **MARY ANN VIAL LEMMON**
                                          **UNITED STATES DISTRICT JUDGE**