UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA SCIONEAUX, INDIVIDUALLY, AND ON BEHALF OF THE DECEDENT, ANTOINE SCIONEAUX | CIVIL ACTION<br><br>NO. 10-00133-MVL-KWR |
| VERSUS | SECTION "S", MAG. (4) |
| ELEVATING BOATS, L.L.C., ABC CHEMICAL CO., and XYZ CHEMICAL CO. | |

### DEFENDANT ELEVATING BOATS, L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH NOTICE OF 30(B)(6) DEPOSITION AND FOR PROTECTIVE ORDER

MAY IT PLEASE THE COURT:

I.   Background

The Original Complaint of Linda Scioneaux, individually and on behalf of the decedent Antoine Scioneaux (hereinafter collectively referred to as "Plaintiff"), asserts claims arising under the General Maritime Law, Longshore and Harbor's Compensation Act (33 U.S.C. § 901, et seq.) and the laws of the State of Louisiana[1]. Plaintiff claims entitlement to damages resulting from the death of Elevating Boats, L.L.C.'s former employee, Antoine Scioneaux. More specifically, Plaintiff alleges that decedent's cause of death was "acute myelogenous leukemia,[2]" also known as "AML." Plaintiff further alleges that decedent's AML was caused by benzene

---

[1] See Rec. Doc. 1, p. 1.
[2] *Id* at 2.

Page 1

exposure, and that such exposure occurred when he was ordered to "clean out the tanks of barges and other vessels owned by EBI that contained chemicals containing benzene or benzene derivatives[3]."

Plaintiff filed suit on January 19, 2010.  This Honorable Court's original Scheduling Order included a trial date of October 14, 2010 and a deadline for plaintiff's expert reports of May 19, 2010[4].  Plaintiff moved for a continuance because she had not propounded discovery upon Defendant until late May 2010[5], some five months after litigation commenced.  Because discovery had not begun, Plaintiff indicated she could not meet her expert deadline, but assured the Court that the corporate deposition of Elevating Boats was in the process of being scheduled as of that date[6]. The Motion to Continue was granted on May 28, 2010.

Plaintiff finally requested dates for the corporate deposition of Elevating Boats four months later on September 28, 2010[7] in correspondence attaching a draft Notice.  The undersigned advised counsel for Plaintiff that the requests contained in the draft notice of deposition were objectionable, and that the deposition would need to be scheduled on a date that allows sufficient time to allow for motion practice prior to the deposition[8].  Counsel for Plaintiff then unilaterally noticed the 30(b)(6) deposition of Elevating Boats to take place on October 25,

---

[3] *Id* at 3.
[4] See Rec. Doc. 7.
[5] See Rec. Doc. 10-2 at p. 2.
[6] Id.
[7] See Exhibit "1," correspondence from counsel for plaintiff
[8] See Exhibit "2," attached, correspondence to counsel for plaintiff

Page 2

2010 at 1:00 p.m. at Plaintiff's counsel's office in Houma, LA[9]. The date was not cleared with Defendant.

**II.     Law and Argument**

Rule 30(b)(6) of the Federal Rules of Civil Procedure governs the issuance of notices and subpoenas for corporate depositions. It provides in pertinent part:

> (6) *Notice or Subpoena Directed to an Organization*. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and ***must describe with reasonable particularity the matters for examination***.

(Emphasis added).

The subject Notice of 30(b)(6) Deposition lists no areas of inquiry or "matters for examination" as required by Rule 30(b)(6) and is therefore fatally defective and should be quashed[10]. Elevating Boats may be unable to provide any witness at the date and time of the unilaterally-noticed deposition, and certainly will be unable to guarantee that such witness will be knowledgeable in all areas Plaintiff might wish to address given that such areas have not been listed with any degree of particularity.

Additionally, the document production requests contained in the Notice are objectionable. Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action

---

[9] See Exhibit "3," attached, Notice of 30(b)(6) Deposition
[10] See Exhibit "3," attached, Notice of 30(b)(6) Deposition

>is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

The document production requests contained in the Notice of 30(b)(6) Deposition are overbroad, unduly burdensome, not reasonably calculated to result in relevant evidence, vague and ambiguous, or otherwise objectionable in the following particulars:

1. *Shipping manifests, contracts, and names of companies that EB has serviced at its Houma location for the past ten years. Include contacts and addresses where available.*

This request is vague and ambiguous with respect to the term "serviced." It is abusively overbroad and unduly burdensome in that it seeks all contracts entered into in a ten-year time period. The request might be construed to include all contracts for the supply of toiletries, food and other supplies for vessels docked at Elevating Boats' Houma yard during a ten year period.

Plaintiff can only recover in this case if she can prove decedent was exposed to enough benzene while working at Elevating Boats to cause his AML. Therefore, this request should be limited to any and all shipping manifests, contracts, etc. which concern benzene. All other products, materials, shipments, contracts and business dealings of Elevating Boats are entirely irrelevant.

4. *Any and all any documents indicating the names of all companies with whom you contracted over the past ten years for the cleaning of barges or other vessels.*

   *5. Contact information for all employees employed by you to clean barges and other vessels over the past ten years.*

Request numbers four (4) and five (5) are overbroad and unduly burdensome. Plaintiff can only recover in this case if she can prove decedent was exposed to enough benzene while working at Elevating Boats to cause AML. Information and documentation concerning the cleaning of vessels which did not, do not, and never have contained benzene is entirely irrelevant. This request should be limited to information and documentation concerning companies contracted to clean vessels containing substantial quantities of benzene[11].

   *6. Names and last known contact information for any and all employees who left their positions with you because of illness over the past ten years.*

This request is overbroad and unduly burdensome. The identity and contact information for Elevating Boats employees who left the company due to illnesses which have no relation to benzene exposure are entirely irrelevant. This request might be construed as a classic example of a "fishing expedition," an attempt to obtain a list of names and contact information for potential future plaintiffs. This request should be limited to illnesses involving benzene exposure.

   *7. Names and last known contact information for any and all employees who worked with Mr. Scioneaux over the past ten years.*

---

[11] Defendant notes that many vessels run on diesel fuel which may contain benzene or benzene derivatives. Because Federal Courts have routinely found that even daily exposure to fuels containing small amounts of benzene does not give rise to AML, information concerning the minute amounts of benzene in fuel used on a given vessel to achieve

This request is vague and ambiguous with respect to the phrase "worked with." It is also overbroad and unduly burdensome. It is not limited to Elevating Boats' Houma location, or to the work area normally frequented by the decedent. Thus, it might be construed as requesting the names and contact information for all Elevating Boats employees at its multiple locations during the last ten years. This request should be limited to information concerning employees who worked in the same department, and/or in the same building, and/or doing the same or similar duties as the decedent at Elevating Boats' Houma yard at the time decedent was employed there.

*11. Any documents, memorandum, correspondence or other writings generated by any Industrial Hygienist or Industrial Hygiene Company employed or contracted by EB regarding workplace safety, including, but not limited to safe handling of benzene containing chemicals.*

This request is overbroad and unduly burdensome. General workplace safety at Elevating Boats is irrelevant. The only relevant safety issue in this case is whether Elevating Boats negligently exposed decedent to amounts of benzene substantial enough to cause decedent's AML. Thus, this request should be limited to information regarding safe handling of benzene and benzene derivatives.

---

propulsion is also irrelevant. See i.e., *Castellow v. Chevron USA*, 97 F. Supp. 2d 780 (S.D. Tex. 2000), *Parker v. Mobil Oil Corp*., 2006 NY Slip Op 7391, 1-2 (N.Y. 2006)

*14. Any documents indicating any equipment or materials used by Mr. Scioneaux in the performance of his job duties, including, but not limited to cleaning solutions and safety equipment.*

This request is overbroad and unduly burdensome. Equipment and materials used by the decedent which have no relation to benzene are irrelevant. Elevating Boats should not be forced to produce all documentation concerning items which might have been used by the decedent including hammers, nails, nuts and bolts, a company vehicle, press-break machine etc. This request should be limited to equipment related to the handling of benzene and materials containing benzene.

*15. Complete copies of any other workers' compensation claims or LHWCA claims made by any other employees of EB relating to chemical exposure.*

This request is overbroad and unduly burdensome. Claims related to exposures to chemicals which do not contain benzene bear no relation to Plaintiff's claims. Even if there existed obscene numbers of workplace exposures to acids or caustic substances at Elevating Boats (a hypothetical situation, the actual existence of which Elevating Boats denies), such information would be of no assistance to Plaintiffs and of no relevance in this case because Plaintiff's claims are limited to benzene, the only chemical which could be a potential risk factor for AML. This request should therefore be limited to claims regarding benzene.

16. *Copies of any incident reports or other documentation regarding workers passing out at EB.*

This request is overbroad and unduly burdensome. It is also vague and ambiguous with respect to the phrase "passing out." Incident reports related to employees who may have "passed out" due to causes other than exposure to benzene are irrelevant. This request should be limited to incidents involving benzene exposure.

17. *Documents evidencing any and all cleaning materials or other substances used by Mr. Scioneaux during his employment with EB and all MSDS's for those chemicals used in the cleaning of barges or other vessels.*

Notwithstanding the fact that Elevating Boats has already produced to Plaintiff all MSDS's for substances containing benzene or benzene derivatives which might have been used by decedent, this request is overbroad and unduly burdensome. It can be construed as requiring Elevating Boats to produce copies of all documents showing any variety of soap at the facility, including bathroom hand soap and dish washing liquid which contain no benzene and are no threat to result in AML. Additionally, the phrase "or other substances" is vague and ambiguous and might be construed as requiring Elevating Boats to produce all documentation related to any substance found at its facilities. This request is overbroad and should be limited to substances containing benzene.

> *20. Any and all documents evidencing the content of barges and/or other vessels that were cleaned by Mr. Scioneaux during his employment with EB (i.e. petroleum fractions, gasoline, crude oil, benzene or benzene derivatives, etc.).*

This request is overbroad and unduly burdensome. The only "content" at issue is benzene and substances containing benzene. It is possible that Plaintiff intended to so limit this request by providing a list of examples. Nevertheless, that intent is not made clear. This request should be limited to benzene.

### III.     Conclusion

This suit was brought on the assumption that decedent was exposed to benzene, and further, on an assumption that such exposure occurred not only at Elevating Boats, L.L.C., but upon one of its vessels. The suit further assumes that such alleged exposure was significant enough to be medically relevant and indeed, the cause-in-fact of decedent's disease (AML) and his death.

Plaintiff should not be allowed to subject Defendant to overbroad, unduly burdensome and expensive discovery unrelated to benzene. No matter what evidence Plaintiff might uncover in discovery with respect to chemical exposures, incidents or accidents at Elevating Boats and substances present at Elevating Boats' facilities, none of the evidence will be relevant to this case unless it concerns benzene.

For the reasons expressed above, Defendant respectfully requests that the Notice of 30(b)(6) Deposition issued to Defendant be quashed and a Protective Order be issued limiting future

discovery to benzene and benzene derivatives which might have been present in the vicinity of decedent during his employment with Defendant.

               Respectfully Submitted,

               __s/ *Mark E. Best*_____
               Laurence E. Best (# 3012)
               Mark E. Best (#29090)
               BEST KOEPPEL, APLC
               2030 St. Charles Avenue
               New Orleans, Louisiana 70130
               Telephone: (504) 598-1000
               Telecopier: (504)524-1024
               Attorneys for Elevating Boats, L.L.C.

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have on this 8th day of October, 2010 served the foregoing pleading on all counsel of record by filing same electronically into the CM/ECF system which will automatically forward copies to all counsel of record.

               _____s/ *Mark E. Best*_____