**MINUTE ENTRY**
**ROBY, M. J.**
**October 20, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA SCIONEAUX, INDIVIDUALLY AND ON BEHALF OF THE DECEDENT, ANTOINE SCIONEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-0133** |
| **ELEVATING BOATS, LLC, ET AL.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is **Defendant Elevating Boats LLC's Motion to Quash Notice of 30(B)(6) Deposition and for Protective Order (R. Doc. 20)** filed by the Defendant, Elevating Boats seeking an Order quashing a 30(b)(6) deposition notice issued to Elevating Boats, LLC for a deposition in Houma, Louisiana, on Monday, October 25, 2010, and for a Protective Order limiting the areas of inquiry/document production requests submitted with the notice. On October 8, 2010, Elevating Boats moved this Court to expedite the hearing on the motion. On October 14, 2010, the Court granted the motion. Plaintiff, Linda Scioneaux, opposes the motion. (R. Doc. 23.) The motion was heard with oral argument on Wednesday, October 20, 2010.

**I.    Background**

Plaintiff, Linda Scioneaux, brings this action individually, and on behalf of her husband, the Decedent, Antoine Scioneaux. Antoine Scioneaux was an employee of Defendant Elevating Boats,

> **MJSTAR: 00:24**

at their Houma, Louisiana facility.[1] (R. Doc. 1, ¶ 6.) This action is also brought against ABC Chemical Company and XYZ Chemical Company, foreign corporations who produced, manufactured, and supplied cleaning chemicals containing benzene and benzene derivatives to Elevating Boats. (R. Doc. 1, pp. 1-2.) During his employment, the Decedent was required to clean out the tanks of the barges and other vessels owned by Elevating Boats. (R. Doc. 1, ¶ 7.) The Plaintiff alleges that the tanks and other vessels contained chemicals containing benzene or benzene derivatives. *Id.* The Plaintiff further alleges that the chemicals provided to the Decedent by Elevating Boats to clean the vessels contained benzene or benzene derivatives. *Id.*

On April 9, 2009, Antoine Scioneaux died from myelodisplastic acute myelogenous leukemia ("AML") which the Plaintiff alleges was caused by his exposure to chemicals containing benzene or benzene derivatives. (R. Doc. 1, ¶ 8.) Plaintiff alleges that as a result of the benzene exposure, the Decedent suffered severe pain and mental anguish prior to his death, incurred medical bills, and lost his life. (R. Doc. 1, ¶ 12.) Plaintiff asserts that she has suffered pecuniary losses of income, loss of society, grief, bereavement, suffering, and has incurred medical and funeral expenses. (R. Doc. 1, ¶ 13.) Plaintiff brings the present action under the General Maritime Law, Longshore and Harbor Worker's Compensation Act[2] ("LHWCA") (33 U.S.C. § 901, *et seq.*) and the laws of the State of Louisiana.

As to the instant motion, on October 7, 2010, the Plaintiff noticed Elevating Boats for a Rule 30(B)(6) deposition to take place on October 25, 2010. (R. Doc. 20-6.) According to Elevating

---

[1] At the hearing, counsel for the Plaintiff informed the Court that the Decedent's actual job description remains unclear. According to counsel, the Decedent's wife stated that she "thinks he cleaned boats." However, after conversations with Defendant's counsel, it seems that the Decedent worked in the yard at some point in his career, and later worked in the tool room of the Houma, Louisiana facility.

[2] At the hearing, counsel for the Plaintiff informed the Court that there is an action pending to determine whether the Decedent was a "longshoreman" for purposes of the LHWCA.

Boats, prior to the notice, the Plaintiff requested dates for the corporate deposition on September 28, 2010, and attached a draft notice. Elevating Boats replied that the draft notice was objectionable, and that the deposition would need to be scheduled on a later date so there would be sufficient time to allow for motion practice prior to the deposition. (R. Doc. 20-1, p. 2.) However, Elevating Boats contends that the Plaintiff unilaterally noticed the deposition. Elevating Boats contends that the notice is procedurally defective and should be quashed. Elevating Boats also seeks a Protective Order for the document requests contained in the notice because they assert that the requests are unduly burdensome and overly broad.

**II.     Standard of Review**

    **A.     Deposition**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.*

### B. Protective Order

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach*., 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished

from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Furthermore, under Rule 26(d),"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed.R.Civ.P. 26(d). The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments. A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

### III.    Analysis

#### A.    Rule 30(b)(6) Deposition Notice

Elevating Boats contends that the deposition notice should be quashed because it fails to list the areas of inquiry or the matters of examination required by Rule 30(b)(6). Elevating Boats contends that this failure renders the notice defective and therefore should be quashed. (R. Doc. 20-1, p. 3.)

Counsel for the Plaintiff admits that she failed to state in the official notice that the subjects to be discussed in the deposition would correspond to the discovery requests. (R. Doc. 23, p. 2.) She, however, contends that this information was included in the correspondence between counsel for the parties, and that the issue can be easily remedied by amending the notice. (R. Doc. 23, p. 2.) Further, the Plaintiff contends that she put the Defendant on notice that the issued to be discussed would correspond directly to the discovery request in her draft notice.

5

Federal Rule of Civil Procedure 30(b)(6) requires a party seeking a corporation's deposition to describe "with reasonable particularity the matters in which examination is requested." Fed.R.Civ.P. 30(b)(6). The Court, finds that stating that the topics of discussion will correlate with the document requests is too broad, vague, and ambiguous to properly comply with Rule 30(b)(6). *See In re Katrina Canal Breaches Consolidates Litigation,* 2008 WL 4833023 (E.D. La. 2008)(finding that the topics listed in a 30(b)(6) notice were too broad, vague and ambiguous to properly "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6)); *Padana Assicurazioni-Societa Azioni v. M/V Caribbean Exp.*, 1999 WL 30966 (E.D. La. 1999)(finding that the subject notice, which stated that "the cause of the loss or damage to the cargo as described in the Complaint" was insufficiently particularized for purposes of Rule 30(b)(6)). Because the Plaintiff failed to particularize the topics of discussion, Elevating Boat's request to quash the Plaintiffs 30(b)(6) deposition notice is granted.

### B. Protective Order

Elevating Boats contends that the document production requests contained in the Notice of 30(b)(6) Deposition are over-broad, unduly burdensome, not reasonably calculated to result in relevant evidence, vague and ambiguous, or otherwise objectionable. (R. Doc. 20-1, p. 4.) Specifically, Elevating Boats contests requests 1, 4-7, 11, 14-17, and 20.

At the hearing, Plaintiff's counsel informed the Court that they would amicably re-fashion their requests so that there would no longer be a need for a protective order. Therefore, the Court denies the request for protective order. At the hearing, the parties modified the Plaintiff's requests as follows:

**Request 1** sought manifests, contracts, and the names of the companies that Elevating Boats

has serviced at its Houma location over the past ten (10) years.[3] Elevating Boats contended that the term "serviced" makes this request vague and ambiguous. Elevating Boats further contended that the request is over-broad and unduly burdensome because it seeks all contracts entered into over a ten year period, and may be construed to include all contracts, including those for the supply of toiletries and food. (R. Doc. 20-1, p. 4.) Elevating Boats contended that the request should be limited to any and all shipping manifests, contracts, etc., which specifically concern benzene. (R. Doc. 20-1, p. 4.)

Plaintiff contended that she is willing to limit the scope of this request to manifests, companies, and contracts that deal with benzene containing products so long as Elevating Boats "is willing to assert that it can identify those chemicals and contracts with certainty." (R. Doc. 23, p. 3.) Plaintiff contended that she is willing to make this concession even though she "should not have to rely on the expertise of the Defendant in identifying which chemicals or contracts contain benzene derivatives." (R. Doc. 23, p. 3.)

At the hearing, the Defendant did not concede to the Plaintiff's proposed modification. Further, other modifications attempted at the hearing remained unsatisfactory. The parties agreed to confer to re-fashion the request.

**Request 4** sought documents which would indicate the names of any company in which Elevating Boats contracted for the cleaning of barges or other vessels over the past ten (10) years.[4] (R. Doc. 20-6, p. 2.) At the hearing, the Defendant's counsel represented that Elevating Boats does

---

[3]**Request 1** requests: "[s]hipping manifests, contracts, and names of companies that [Elevating Boats] has serviced at its Houma location over the past ten years. Include contacts and addresses where available. (R. Doc. 20-6, p. 1.)

[4]**Request 2** seeks: "[a]ny and all any [sic] documents indicating the names of all companies with whom you contacted over the past ten years for the cleaning of barges or other vessels." (R. Doc. 20-6, p. 2.)

7

not contract out their cleaning duties because they clean their own vessels. Therefore there is nothing to disclose. The Court found that Defendant's representation that there are no cleaning contracts was a sufficient response.

**Request 5** sought contact information for employees who cleaned barges or other vessels over the past ten (10) years.[5] The Plaintiff contended that Request 5 is very specific because it only requests information regarding other individuals employed by Elevating Boats who had the exact same job duties as the decedent. (R. Doc. 23, p. 4.)

The Defendant contended that these requests are over broad and unduly burdensome. Specifically, Defendant contended that this request requires production of documentation regarding the cleaning of vessels which never contained benzene. Further, at the hearing, the Defendant's counsel asserted that it is Elevating Boats' policy that every employee has a duty to clean.

At the hearing, the parties unsuccessfully attempted to modify the request. The Plaintiff agreed to continue her modification attempts and re-submit her proposed request to the Defenant.

**Request 6** sought contact information for employees who left Elevating Boats due to illness over the past ten (10) years.[6] The Defendant contended that this request is over broad and unduly burdensome because it requests the identity and contact information for employees of Elevating Boats who left the company due to illnesses which are unrelated to benzene exposure. (R. Doc. 20-1, p. 5.) Defendant contended that this request is a "fishing expedition" to obtain a list of names for potential future plaintiffs, and further asserts that the request should be limited to individuals who left due to illness caused from benzene exposure. (R. Doc. 20-1, . 5.)

---

[5]**Request 5** seeks: "[c]ontact information for all employees employed by you to clean barges and other vessels over the past ten years." (R. Doc. 20-6, p. 2.)

[6]**Request 6** seeks: "[n]ames and last known contact information for any and all employees who left their positions with you because of illness over the past ten years." (R. Doc. 20-6, p. 2.)

Plaintiff contended that she is willing to voluntarily limit the response to only require a listing of individuals by number and corresponding illness that they suffered from when they left Elevating Boats employ to protect the privacy of the prior employees and prevent any alleged "fishing expedition." (R. Doc. 23, p. 4.) Plaintiff, however, reserves the right to obtain the name and contact information upon a showing of relevancy for purposes of discovery. (R. Doc. 23, p. 4.)

At the hearing, the Court agreed with the Defendant that even with the Plaintiff's proposed modification, the request was too broad. The Plaintiff then voluntarily limited her modified request to include only individuals who left the employ of Elevating Boats due to cancer or a malignant or non-malignant tumor.

**Request 7** sought the names and contact information for any employee who worked with the Decedent over the past ten (10) years.[7] Defendant contended that this request is vague and ambiguous because of the use of the words "worked with." Defendant further asserted that the request is over broad and unduly burdensome. Defendant contended that this request should be construed to require the named and contact information for all Elevating Boats employees at its multiple locations over the past ten (10) years. (R. Doc. 20-1, p. 6.) Elevating Boats contended that the request should be limited to information regarding employees who worked in the same department, and/or in the same building, and/or doing the same or similar duties as the Decedent at the Houma yard location. (R. Doc. 20-1, p. 6.)

The Plaintiff contended that this request is not overly broad or unduly burdensome because it is narrowly tailored to only include information regarding individuals that the Decedent "worked with." (R. Doc. 23, p. 4.) The Plaintiff stated that she does not know how to make the request more

---

[7]**Request 7** seeks "[n]ames and last known contact information for any and all employees who left their positions with you because of illness over the past ten years." (R. Doc. 20-6, p. 2.)

9

specific than "worked with," but will voluntarily limit the request to individuals who "'worked with' Mr. Scioneaux in Houma." (R. Doc. 23, pp. 4-5.) Plaintiff contended that she should not have to limit the request to individuals in the same department or building because this could exclude information regarding the individual who was in charge of ordering supplies or even the Decedent's direct supervisor who may be housed in a different building. (R. Doc. 23, p. 5.)

At the hearing, Plaintiff's counsel informed the Court that she had some uncertainty as to the actual position that the Decedent had with Elevating Boats. She informed the Court that the Plaintiff had informed her that she "thought" that the Decedent cleaned vessels. However, through informal conversations with Defendant's counsel, Plaintiff's counsel was advised that the Decedent was more of a "jack of all trades." In fact, at the hearing, Defendant's counsel stated that for nine (9) years the Decedent worked in the tool room. However, prior to that, he worked in the Yard. His job duties in the Yard required him to also work in the dock area, near a warehouse, and on the vessels. Because the Decedent worked in various areas at the Houma facility, the Court agreed with the Plaintiff that this request was not overly broad. Therefore, the parties agreed to only limit the request to the Houma facility.

**Request 11** sought documentation generated by Industrial Hygienists or Industrial Hygiene Companies regarding workplace safety.[8] The Defendant contended that this information is over broad, unduly burdensome, and irrelevant. (R. Doc. 20-1, p. 6.) Specifically, Defendant contended that the only safety issue that is relevant in the instant matter is whether Elevating Boats negligently exposed the Decedent to benzene which resulted in AML. (R. Doc. 20-1, p. 6.) Therefore,

---

[8]**Request 11** seeks "[a]ny documents, memorandum, correspondence or other writings generated by any Industrial Hygienist or Industrial Hygiene Company employed or contracted by [Elevating Boats] regarding workplace safety, including, but not limited to safe handling of benzene containing chemicals." (R. Doc. 20-6, p. 2.)

10

Defendant contended that this request should be limited to safety information regarding the handling of benzene and benzene derivatives. (R. Doc. 20-1, p. 6.)

At the hearing, the parties mutually agreed to remove the language "not limited to" from the request. The Court agreed that this modification sufficiently narrowed the request.

**Request 14** sought documentation regarding the equipment and materials utilized by the Decedent while employed by Elevating Boats.[9] Defendant contended that this request is irrelevant, over broad, and unduly burdensome because it would require documentation regarding items that may have been used by the Decedent including hammers, nails, and nuts, and bolts. (R. Doc. 20-1, p. 7.) Defendant further contended that it should only be required to produce documentation regarding equipment related to the handling of benzene and materials containing benzene. (R. Doc. 20-1, p. 7.)

Plaintiff asserted that she is willing to limit her request to state the following: "Any documents indicating any equipment or materials used by Mr. Scioneaux in the performance of his job duties, including, but [SIC] all cleaning solutions, any benzene containing substances, and any safety equipment." (R. Doc. 23, pp. 5-6.)

At the hearing, the Defendant contended that the use of "safety equipment" was still overly broad. Subsequently, the parties agreed to limit the request to safety equipment, such as respirators, masks, and gloves, which were utilized by the Decedent for protection from chemicals.

**Request 15** sought documentation regarding worker's compensation claims made by other

---

[9]**Request 14** seeks "[a]ny documents indicating any equipment or materials used by Mr. Scioneaux in the performance of his job duties, including, but not limited to cleaning solutions and safety equipment." (R. Doc. 20-6, p. 3.)

employees relating to chemical exposure.[10] Defendant contended that this request is over broad and unduly burdensome because it is not limited to claims related to exposure to chemicals containing benzene. (R. Doc. 20-1, p. 7.)

Plaintiff stated that she is willing to voluntarily revise her request to state: "[c]omplete copies of any other workers' compensation claims or LHWCA claims made by any other employees of [Elevating Boats] relating to chemical exposure involving benzene and claims involving cancer of any type." (R. Doc. 23 p. 6.)

At the hearing, the Court found that the original request made by the Plaintiff was sufficiently relevant. The Court found that the Plaintiff need not limit her request to benzene or benzene exposure. Therefore, the request remains as originally drafted.

**Request 16** sought documentation regarding instances where Elevating Boats employees passed out.[11] Defendant contended that this request is over broad and unduly burdensome. Defendant also contended that incident reports related to individuals "passing out" due to causes other than benzene exposure are irrelevant. (R. Doc. 20-1, p. 8.) Defendant further asserted that the request is vague and ambiguous due to the phrase "passing out." (R. Doc. 20-1, p. 8.)

Plaintiff contended that she would voluntarily limit the inquiry to incidents regarding employees "passing out" due to chemical exposure of any type. (R. Doc. 23, p. 6.) As for the issue that "passing out" is vague and ambiguous, Plaintiff asserted that the request refers to the medical term "syncope" or the common term "fainted." (R. Doc. 23, p. 6.) At the hearing, the Defendant agreed that limiting the scope of the request to only instances involving an employee passing out

---

[10]**Request 15** seeks "[c]omplete copies of any other workers' compensation claims of LHWCA claims made by any other employees of [Elevating Boats] relating to chemical exposure." (R. Doc. 20-6, p. 3.)

[11]**Request 16** seeks "[c]opies of any incident reports or other documentation regarding workers passing out at [Elevating Boats.]" (R. Doc. 20-6, p. 3.)

from chemical exposure was sufficient.

**Request 17** sought documents regarding the cleaning materials or other substances utilized by the Decedent while employed by Elevating Boats.[12]  This request need not be addressed because the Plaintiff voluntarily withdrew it as a request for production.  (R. Doc. 23, p. 6.)  Therefore, Request 17 is moot.

**Request 20** sought documents regarding the contents of the barges or other vessels cleaned by the Decedent.[13]  Defendant contended that this request is over broad and unduly burdensome and should be limited only to documentation evidencing the content of barges or other vessels that were cleaned by the decedent which contain benzene or benzene derivatives.  (R. Doc. 20-1, p. 9.)

Plaintiff, on the other hand, contended that she is entitled to know exactly which substances the Decedent worked with during his tenure with Elevating Boats.  (R. Doc. 23, p. 7.)  Plaintiff also contended that this information is necessary to fairly present her case because Elevating Boats will certainly present defenses of other potential causes of the Decedent's AML.  (R. Doc. 23, p. 7.)  Plaintiff further asserted that this information is necessary for the expert's assimilation and opinion. (R. Doc. 23, p. 7.)

At the hearing, the Defendant raised concerns that this request would require information on every vessel cleaned by the Decedent because every vessel runs on diesel fuel, a substance which contains benzene.  At the hearing, the Plaintiff agreed to limit her request to seek information regarding vessels cleaned by the Decedent while employed with Elevating Boats which contained

---

[12]**Request 17** seeks "[d]ocuments evidencing any and all cleaning materials or other substances used by Mr. Scioneaux during his employment with [Elevating Boats] and all MSDS's for those chemicals used in the cleaning of barges or other vessels."  (R. Doc. 20-6, p. 3.)

[13]**Request 20** seeks "[a]ny and all documents evidencing the content of barges and/or other vessels that were cleaned by Mr. Scioneaux during his employment with [Elevating Boats] (i.e. petroleum fractions, gasoline, crude oil, benzene or benzene derivatives, etc.)."  (R. Doc. 20-6, p. 3.)

petroleum fractions, gasoline, crude oil, benzene or benzene derivatives which were not utlized for the purposes of transporting the vessel.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Elevating Boat's request to quash Rule 30(b)(6) Deposition is **GRANTED.**

**IT IS FURTHER ORDERED** that Elevating Boat's request for a Protective Order is **DENIED.**

New Orleans, Louisiana, this 22nd day of October, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**