UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA SCIONEAUX, INDIVIDUALLY, AND ON BEHALF OF THE DECEDENT, ANTOINE SCIONEAUX | CIVIL ACTION |
| VERSUS | NO: 10-133 |
| ELEVATING BOATS, L.L.C., ABC CHEMICAL CO., AND XYZ CHEMICAL CO. | SECTION: "S" (4) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Defendant Elevating Boats, L.L.C.'s Renewed Motion for Summary Judgment (Doc. #31) is **DENIED.**

### BACKGROUND

The decedent, Antonie Scioneaux, was an employee of defendant, Elevating Boats, L.L.C. ("EBI") for approximately fifteen years prior to his death from acute myelogenous leukemia ("AML") on April 9, 2009. While employed with EBI, Scioneaux worked in the shop, in the yard, and on numerous vessels owned by EBI. Throughout his employment, Scioneaux was allegedly required to use numerous heavy, toxic chemicals to perform certain tasks. Prior to his death,

Scioneaux told his wife and his physician that he believed that he had contact with numerous benzene containing chemicals while cleaning EBI's vessels.

Plaintiff, Scioneux's widow, filed this action alleging that Scioneaux developed and died from AML as a result of being exposed to benzene while working at EBI. Plaintiff alleges that EBI is liable as a vessel owner under the general maritime law.[1] EBI moved for summary judgment arguing that plaintiff has not offered an expert report that establishes that Scioneaux's AML was caused by benzene exposure that occurred on EBI's vessels.

## ANALYSIS

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only

---

[1] Plaintiff also brought claims against EBI under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905, et seq. Those claims are pending before the United States Department of Labor, Office of Administrative Law Judges.

point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Defendant's Motion for Summary Judgment**

EBI argues that it is entitled to summary judgment because plaintiff did not provide an expert report that establishes that Scioneaux's AML was caused by exposure to benzene that occurred aboard EBI's vessels.[2]

In toxic tort cases, the plaintiff must provide admissible expert testimony to establish general and specific causation. Knight v. Kirby Inland Marine, Inc., 482 F.3d 347, 351 (5th Cir. 2007). "'General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury.'" Id. (quoting Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 714 (Tex. 1997). The United States Court of Appeals for the Fifth Circuit has explained that there is a two-step process in examining causation evidence in toxic tort cases. Id. First, the court must decide whether there is general causation. Then, if there is, the court must decide whether there is admissible evidence of specific causation. Id. (citing Cano v. Everest Minerals Corp., 362 F.Supp.2d 814, 824 (W.D. Tex. 2005)).

Plaintiff has provided the report of Dr. Richard Parent, a purported expert toxicologist.[3] EBI does not contest that Dr. Parent's report provides evidence of general causation. Instead, EBI argues

---

[2] Plaintiff's deadline to provide expert reports was November 18, 2010.

[3] Because EBI has not filed a Daubert motion regarding Dr. Parent, the court does not make a determination as to whether he is qualified to testify as an expert toxicologist.

3

that Dr. Parent's report does not provide any analysis regarding specific causation, and as a result it is entitled to summary judgment.[4]

Dr. Parent's report is largely devoted to providing an analysis of the general causation link between benzene exposure and hematopoietic cancers, such as AML. In the final paragraph of the report, Dr. Parent discusses Scioneaux's AML:

> Regarding Mr. Antoine Scioneaux it is my understanding that he worked for many years at Elevating Boats LLC and was exposed to numerous materials while working at that job. When material safety data sheets (MSDS) were requested for materials to which he was exposed, those shown in the "Materials Reviewed" section were produced, among others. Many of those materials and others to which Mr. Scioneaux was exposed were mostly petroleum fractions which contained benzene over many years and still contain trace amounts of benzene. It is clear that Mr. Scioneaux was exposed to benzene during his employ at Elevating Boats LLC as a result of using these various products and others on a regular basis over several years.

Dr. Parent states that Scioneaux was exposed to benzene at EBI, and that benzene exposure is associated with an increased risk of hematopoietic cancers. Dr. Parent has opined that benzene exposure, even if its is "very, very low" levels, is associated with increased risk of AML. He has also opined that Scioneaux was exposed to benzene through various products in the ordinary course of work during his many years at EBI. Issues of fact, which must be resolved at trial, exist as to whether the specific level of exposure to which Scioneaux was subjected, caused his illness.

---

[4] Plaintiff did not provide any other expert report regarding causation.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant Elevating Boats, L.L.C.'s Renewed Motion for Summary Judgment (Doc. #31) is **DENIED.**

New Orleans, Louisiana, this __17th__ day of December, 2010.

                                   _____
                                   **MARY ANN VIAL LEMMON**
                                   **UNITED STATES DISTRICT JUDGE**